ANGEL M. VILLAMIL, Plaintiff and Appellant, v. JOSÉ CAMACHO ET AL., Defendants and Appellee.

No. 8977. Argued December 12, 1944.—Decided April 12, 1945.

*Angel M. Villamil, pro se,* and *Pedro Juan Alcalá* for appellant. *E. Ortiz Reyes* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

When Angel M. Villamil acquired by purchase a parcel of land in Santurce measuring 1454.59 meters he found in one of the lots of said land two small framehouses roofed with zinc belonging to José Camacho and Dolores Burgos, who had erected the same with the consent of the former owners of the land. Villamil filed an unlawful detainer proceeding against them and against José Vélez Cruz, to whom said houses had been leased, and alleged that they were in possession of the lot without paying any rental or consideration.

The case was called for the first hearing and by stipulation of the parties the court set the first as well as the second hearing for December 10, 1943, on which day the defendants failed to appear. When plaintiff's attorney stated that he was going to move for judgment, the court asked plaintiff if he wished to testify, and thereupon Villamil gave his testimony.

On December 16, 1943, the District Court of San Juan rendered judgment dismissing the complaint. In its opinion it stated that the evidence showed "that the houses . . . had been erected on the lot . . . in good faith and with the consent of the former owner." The plaintiff moved for a reconsideration of the judgment on the ground that when he testified at the hearing he promised the Court to pay the amount of $300 as compensation for the houses, or if the defendants did not agree to that amount, " . . . that assessors be appointed pursuant to the statute and that he would pay the amount adjudicated in favor of the defendants, prior to the execution of the judgment that might be rendered against them." The District Court denied the motion for reconsideration and the plaintiff has appealed.

██ The only question to be decided is whether within an unlawful detainer proceeding the value of the houses belonging to the defendant and erected in good faith may and should be fixed, when the plaintiff fails to allege an owner-

ship right over said houses against the defendant, but instead admits the right of the latter and offers to pay the amount thereof. The appellant maintains that this question is novel in our jurisdiction and clearly distinguished from the doctrine laid down by the decisions of this court.

The *ratio decidendi* in *Rivera* v. *Santiago,* 56 P.R.R. 361, *Carrasquillo* v. *Ripoll,* 56 P.R.R. 375, *Palermo* v. *District Court,* 58 P.R.R. 191, and *Aybar* v. *Jiménez,* 60 P.R.R. 729, is that constructions erected in good faith go by the right of accession to the owners of the land, provided that the latter previously pay the cost of the materials and labor, and further that an action of unlawful detainer at sufferance does not lie against a builder in good faith unless there exists an agreement between the parties as to their rights.

Following this doctrine, it was held in *Reyes* v. *Vázquez,* 58 P.R.R. 786, that "The complaint in this case does not allege that the plaintiff has made that payment *before the filing of the complaint* and, therefore, it does not allege sufficient facts for the plaintiff to establish an action of unlawful detainer at sufferance." (Italics ours.)

In the case at bar the only facts alleged in the complaint are that the plaintiff, together with the wife, possesses and is the owner of the lot which is described; that there are two houses in said lot, which belong to the defendants, and are leased to José Vélez Cruz; that the defendants are in possession of said lot at sufferance, without paying any rent or consideration, and against the will of the plaintiff, all this accompanied by the prayer for judgment. According to the doctrine laid down in *Reyes* v. *Vázquez, supra,* this complaint is insufficient.

We can not decide on appeal that the testimony of the plaintiff had the effect of amending the complaint. Although in *Viñas* v. *Hernández,* 60 P.R.R. 269, confirming the decisions in *People* v. *Heirs of Valdés,* 31 P.R.R. 213, and *Maniscalco & Nuccio* v. *Sancho, Treas.,* 51 P.R.R. 499, we

held that the complaints could be considered as amended by virtue of the evidence which was presented at the trial without objection, in the instant case the evidence was presented in the absence of the adverse party and therefor it can not be maintained that the latter had an opportunity to object to that particular. Nevertheless, even if we should consider it as amended, the defect would not be cured, for under the construction given to § 297 of the Civil Code [1] in the above-mentioned cases, the previous payment is required and not the previous offer to pay. The reason is obvious: if the offer is not accepted, ordinary proceeding must be had in order to fix the compensation according to the claims made.

The judgment appealed from must be affirmed.

---

[1] "Section 297.—The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own, the work, sowing or planting, by previously paying the indemnity specified in sections 382 and 383 of this Code, and to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent."